UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

Nathaniel L. Mullens, Jr.,

Debtor

Chapter 13
Case No. 25-10063

## ORDER TO SHOW CAUSE AT HEARING

Three months after this case began, confirmation of the debtor's original plan was denied at the debtor's request during a hearing on July 17, 2025. The debtor was given until July 31, 2025, to file a modified plan. On that date, the debtor filed his first modified plan [Dkt. No. 45] and scheduled a confirmation hearing on that plan for September 18, 2025.[1]

At the September 18 hearing, the Court expressed concern about whether all required parties had been served with the first modified plan and a notice of the hearing (identifying the deadline for objections). The Court observed that the relevant certificate of service filed by the debtor [Dkt. No. 46] references an "attached [i]ndex" listing parties that were served by first class mail. But no such index was attached. Nor was the index filed separately on the docket. Thus, the Court lacked information about whether service was adequate, inhibiting the Court's ability to act on the plan.

The Court then gave the debtor a limited opportunity to correct the issue. When scheduling a continued hearing on the plan for October 30, the Court also ordered that "[b]y

---

[1] The debtor had been ordered to "set that plan for hearing on the first available hearing date that w[ould] afford parties in interest the requisite notice under the applicable rules" [Dkt. No. 40]. September 4, 2025, was the first available hearing date that would have afforded interested parties the requisite notice. See Fed. R. Bankr. P. 2002(a)(9), (b)(3). Yet, the debtor scheduled a September 18, 2025 hearing instead.

1

10/02/2025, the debtor must (1) serve notice of the continued hearing and a 10/23/2025 objection deadline on all creditors and other interested parties entitled to notice; and (2) file a <u>complete</u> certificate of such service" [Dkt. No. 55] (emphasis added). The adjective "complete," although perhaps unnecessary in the ordinary course, was added because of the prior failure to attach the referenced "index" showing the parties that were served.

In response, on September 19, 2025, the debtor filed a certificate of service [Dkt. No. 58], but the certificate was again incomplete. The certificate references an "attached certificateofservice.com matrix" of parties who were served by first class mail. Yet, no such matrix is attached. Nor has it been filed separately. Thus, the Court continues to lack information about whether service was adequate.

Further, the missing matrix is not the only service concern. At the September 18 hearing, the Court expressed concern about the debtor's service on creditor Sarah McGrane, who is identified as the holder of a judicial lien that the debtor seeks to avoid through the plan. Whether Ms. McGrane has been served at a valid address remains unclear.[2]

Without evidence that all parties entitled to notice have had a sufficient opportunity to be heard, the Court simply cannot confirm the plan.[3] The debtor's failure to demonstrate compliance with basic rules about notice has caused notable delay here. The debtor's apparent

---

[2] Although no counsel has appeared on behalf of Ms. McGrane in this case, the debtor originally attempted to serve Ms. McGrane via a law office at 218 Water Street in Gardiner, Maine. After being ordered to serve Ms. McGrane directly [Dkt. No. 55], the debtor listed a Scarborough, Maine, address for Ms. McGrane in the debtor's September 19, 2025 certificate of service. The debtor did not, however, update Ms. McGrane's address with the Court then. Rather, a week later, the debtor updated Ms. McGrane's address with yet another address—"181 Highland" in Gardiner [Dkt. No. 63]. Thus, the validity of the Scarborough address is unclear, and the debtor did not file a further certificate of service to show that Ms. McGrane has been served at the 181 Highland address in Gardiner.

[3] As the Court noted at the September 18 hearing, such circumstances could provide a basis for denying confirmation of a plan. Such a denial could ultimately be followed by dismissal or conversion of the case. *See* 11 U.S.C. § 1307(c)(5).

2

ongoing failure to comply with those rules (and failure to comply with the Court's order) appears poised to prolong that delay.

At this point, given the notice issues caused by the debtor, the Court will still be unable to consider confirming the plan at the October 30 continued hearing. The debtor has effectively stalled this case, keeping creditors at bay while perhaps also keeping them uninformed for months. Even if caused unintentionally, such delay could be prejudicial to creditors because, among other reasons, it could prevent them from meaningfully and promptly deciding how they wish to proceed in exercising their rights.

An "unreasonable delay by the debtor that is prejudicial to creditors" is cause for dismissal of the case. 11 U.S.C. § 1307(c)(1). The Court is considering dismissing the case (or converting the case to one under chapter 7) on that basis. *See id.*

The debtor and his counsel are ordered to attend, in person, a hearing on the matter at 9:00 a.m. on October 30, 2025, at the United States Bankruptcy Court, 202 Harlow Street, Bangor, Maine. At the hearing, the debtor must show cause as to why the Court should not dismiss (or convert) the case for reasons outlined above.[4] Any other interested party may attend the hearing in person in the Bangor Courtroom, by video from the Portland Courtroom, or by telephone.

Dated: October 10, 2025

Michael A. Fagone
United States Bankruptcy Judge
District of Maine

---

[4] The Court intends to hold this hearing even if the debtor attempts to address the noted service issues belatedly.